Charles E. HOFMANN, Appellant,

v.

John J. SCHAEFER and Brewery Workers Local Union No. 1010, I. B. T., Appellees.

No. 80–1863.

United States Court of Appeals, Fourth Circuit.

Argued April 7, 1981.

Decided May 6, 1981.

---

Alfred E. Clasing, III, William J. Blondell, Jr., Baltimore, Md., for appellant.

Marvin Poe Sklar, Baltimore, Md., for appellees.

Before PHILLIPS and ERVIN, Circuit Judges, and ANDERSON,* District Judge.

PER CURIAM:

Appellant Hofmann brought suit under Title I of the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §§ 411–415. He alleged that the bylaws of his union local had been misinterpreted in order to deny him eligibility to challenge the incumbent president of the local, appellee Schaefer, in an upcoming union election. At a hearing on Hofmann's motion for a temporary restraining order, the district court found that Hofmann's claim was not one properly addressed under Title I and therefore dismissed his suit for lack of subject matter jurisdiction.

Under § 101(a)(1) of Title I of the LMRDA, 29 U.S.C. § 411(a)(1), every union member must be afforded the equal right and privilege to nominate candidates and vote in union elections, and any member whose rights under section 101(a)(1) have been infringed may bring suit in a federal district court, § 102 of the LMRDA, 29 U.S.C. § 412. Under § 401 of Title IV of the LMRDA, 29 U.S.C. § 481, every member of a union in good standing is made "eligible to be a candidate to hold office." A complaint alleging a violation of section 401, however, is properly addressed to the Secretary of Labor for investigation and the possible institution of suit by the Secretary. § 402 of the LMRDA, 29 U.S.C. § 482.

In *Calhoon v. Harvey*, 379 U.S. 134, 140, 85 S.Ct. 292, 296, 13 L.Ed.2d 190 (1964), the Supreme Court stated that "possible violations of Title IV of the Act regarding eligibility [to be a candidate for union office] are not relevant in determining whether or not a district court has jurisdiction under Sec. 102 of Title I of the Act." Therefore, the Court held that suits "basically relating . . . to eligibility of candidates for office . . . fall squarely within Title IV of the Act and are to be resolved by the administrative and judicial procedure set out in that Title." *Id.* at 141, 85 S.Ct. at 296.

Because Hofmann's claim is one basically relating to his eligibility as a candidate for union office, it is, under the holding in *Calhoon*, a claim properly addressed to the Secretary under Title IV rather than the courts under Title I. Accordingly, we affirm the district court's dismissal of Hofmann's suit for lack of subject matter jurisdiction.

AFFIRMED.

---

* Honorable G. Ross Anderson, Jr., United States District Judge for the District of Maryland, sitting by designation.