21 F.3d 423
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Anthony P. MARCISZEWSKI, Plaintiff-Appellant,
v.
LOCAL 44, BALTIMORE MUNICIPAL EMPLOYEES, AFSCME COUNCIL 167,
AFL-CIO, Defendant-Appellee.
 No. 93-1299.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 29, 1993.
Decided March 11, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-92-3584-S)
 David Arnold SHerbow, Baltimore, MD, for appellant.
 Joel Allen Smith, Kahn, Smith & Collins, P.A., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before RUSSELL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The plaintiff, a union member named Anthony Marciszewski, appeals the district court's dismissal of his claim against his union for attorney's fees under section 101(a)(1) of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C.Sec. 411(a)(1). We find that the dismissal was proper and affirm.
 
 
 2
 * Marciszewski's union refused to place him on the ballot as a candidate for union president in its September 1992 election on the ground that he had not maintained good standing for one year prior to the election, as required by the union constitution. Marciszewski challenged this refusal, claiming that he was eligible to run because he had been in good standing for the prior year; the union, he asserted, had misinterpreted its good standing requirement in finding otherwise.
 
 
 3
 After exhausting his available internal union remedies, Marciszewski went to the district court, informed it that he intended to file a complaint against the union under Title I, section 101(a)(1), of the LMRDA, and asked that he be heard on his request for a temporary injunction. The district court set a hearing date, but before he actually filed a complaint, the union agreed to place his name on the ballot.
 
 
 4
 Marciszewski then filed this action under section 101(a)(1) of the LMRDA, requesting attorney's fees for his counsel's work in pursuing his internal union remedies and preparing the complaint. The district court dismissed his action.
 
 II
 
 5
 Marciszewski contends that the district court erred in dismissing his action. The union misinterpreted its good standing requirement in finding him ineligible to run for union president, he alleges, and its action in declaring him ineligible violated section 101(a)(1). Remedies for violations of section 101(a)(1) are set forth in section 102 of the LMRDA, which states that a union member whose section 101(a)(1) rights have been infringed "may bring a civil action in a district court ... for such relief (including injunctions) as may be appropriate." 29 U.S.C. Sec. 412. He asserts that attorney's fees for his counsel's efforts in challenging the union's violation of section 101(a)(1) constitute appropriate relief.
 
 
 6
 Marciszewski's claim, however, encounters an insurmountable obstacle: it is not cognizable under Title I, section 101(a)(1), of the LMRDA, but only under Title IV, section 401(e), 29 U.S.C. Sec. 481(e). Title I, section 101(a)(1), indicates that "[e]very member of a labor organization shall have equal rights and privileges within such organization to nominate candidates [and] to vote in elections." 29 U.S.C. Sec. 411(a)(1). Title IV, section 401(e), states:"In any election required by this section[,] ... every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 ... and to reasonable qualifications uniformly imposed)...." 29 U.S.C. Sec. 481(e).
 
 
 7
 The Supreme Court discussed the application of sections 101(a)(1) and 401(e) to cases involving union members' eligibility to be candidates in union elections in Calhoon v. Harvey, 379 U.S. 134 (1964). Calhoon addressed a section 101(a)(1) challenge to a union's rule that "no member could be eligible for nomination or election to a full-time elective office unless he had been a member of the national union for five years and had served 180 days or more of seatime ... on vessels covered by [certain] collective bargaining agreements." Id. at 136. The Court held that the challenge could not be brought under section 101(a)(1), stating:
 
 
 8
 The complaining union members here have not been discriminated against in any way and have been denied no privilege or right to vote or nominate which the union has granted to others.... Whether the eligibility requirements set by the union's constitution and bylaws were reasonable and valid is a question separate and distinct from whether the right to nominate on an equal basis given by Sec. 101(a)(1) was violated.
 
 
 9
 Id. at 139.
 
 
 10
 The Court, after reciting the text of section 401(e), id. at 136 & n. 6, noted that "Title IV, not Title I, sets standards for eligibility and qualifications of candidates and officials and provides its own separate and distinct administrative and judicial procedure for challenging these standards," id. at 138. As a result, it reasoned, "the Act itself shows clearly by its structure and language that the disputes here, basically relating as they do to eligibility of candidates for office, fall squarely within Title IV of the Act and are to be resolved by the administrative and judicial proceedings set out in that Title." Id. at 141.
 
 
 11
 We applied Calhoon in Hofmann v. Schaefer, 648 F.2d 934 (4th Cir.1981). There the union had denied a member a place on the ballot in its election for union president on the ground that the member failed to satisfy the requirements for candidate eligibility set forth in its bylaws. The union member brought a section 101(a)(1) claim asserting that the union had misinterpreted its bylaws in finding him ineligible to run. We held that "[b]ecause[the member's] claim is one basically relating to his eligibility as a candidate for union office, it is, under the holding in Calhoon, a claim properly addressed ... under Title IV rather than ... under Title I." Id. at 935.
 
 
 12
 Calhoon and Hofmann control the case at bar. Marciszewski's union refused to place him on the ballot as a candidate for union president on the ground that he failed to meet its requirement, set forth in the union constitution, that candidates maintain good standing for one year prior to the election. Marciszewski brought a section 101(a)(1) claim contending that his union misinterpreted its good standing requirement in determining that he was ineligible to run. This claim is plainly "one basically relating to his eligibility as a candidate for union office," Hofmann, 648 F.2d at 935. Indeed, it cannot be distinguished factually from Hofmann; the union members in both cases claimed that their union had violated section 101(a)(1) by misinterpreting its own rules in determining that they were ineligible to run as candidates for union president. Marciszewski's claim, therefore, was not properly brought under section 101(a)(1) of Title I, for it fell only within section 401(e) of Title IV.
 
 
 13
 That Marciszewski's claim falls only under section 401(e) dooms it to failure. The remedies for violations of section 401(e) are set forth in section 402, 29 U.S.C. Sec. 482, which requires complaining union members to "file a complaint with the Secretary," section 402(a), 29 U.S.C. Sec. 482(a), who "shall investigate such complaint and, if he finds probable cause to believe that a violation ... has occurred and has not been remedied ... shall ... bring a civil action against the [union]," section 402(b), 29 U.S.C. Sec. 482(b). Section 402 does not provide for union members a private right of action. Furniture Moving Drivers v. Crowley, 467 U.S. 526, 540 (1984); Calhoon, 379 U.S. at 140; Hofmann, 648 F.2d at 935. Marciszewski plainly cannot bring an action of any type, including an action solely for attorney's fees, under a statutory provision that provides no private right of action; his action, therefore, was properly dismissed.
 
 III
 
 14
 For the reasons stated, we affirm the district court's dismissal of Marciszewski's claim.
 
 AFFIRMED